UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00469-MR

| BERNARD SCHULZ, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | ORDER |
|  | ) |  |
| JOHN DOES 1-3, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on Plaintiff's "Partial objection to memorandum and recommendation of dismissal of medical attention complaint" [Doc. 20], which the Court construes as a motion to amend his Complaint.

Plaintiff filed a Complaint on September 7, 2021, under 42 U.S.C. § 1983, against an undetermined number of identified guards at the Mecklenburg County Jail (the "Jail"). [Doc. 1]. Plaintiff alleges that unidentified guards at the Jail failed to protect him from two assaults by other inmates and used excessive force in applying restraints to Plaintiff's wrists. Plaintiff also alleges that unidentified guards were deliberately indifferent to Plaintiff's serious medical needs resulting from these assaults. [Id.]. Plaintiff's excessive force and failure to protect claims survived initial review

and the Court dismissed Plaintiff's deliberate indifference claim because Plaintiff failed to state a claim for relief. [Doc. 16]. Plaintiff has filed several improper motions and documents with the Court, some of which sought discovery from the Court. The Court advised Plaintiff to seek information identifying the Doe Defendants through subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure. [Doc. 16 at 9]. Plaintiff has not yet submitted completed summonses to the Court identifying these Defendants for service.

Before the Court now is Plaintiff's "Partial objection to memorandum and recommendation of dismissal of medical attention complaint" [Doc. 20], which the Court will construe as a motion to amend Plaintiff's Complaint. In his current motion, Plaintiff states that he "erred" in failing to present all the facts regarding the alleged delay of medical care in his Complaint and then recounts additional factual details in support of his dismissed claim. [Id. at 1]. Plaintiff, again, does not identify the individuals allegedly involved in the delayed medical care. [See id.].

Leave to amend should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15. However, "a district court has discretion to deny a motion to amend a complaint, so long as it does not outright refuse 'to grant the leave without any justifying reason.'" Equal Rights Ctr. v. Niles Bolton

2

Assocs., 602 F.3d 597, 603 (4th Cir. 2010) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). A district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile. Id.

Here, Plaintiff has not attached a proposed amended complaint to his motion. To amend his Complaint, Plaintiff must make a motion and submit a proposed amended Complaint that contains all claims he intends to bring in this action against all Defendants he intends to sue and states all relief he is seeking. Furthermore, if Plaintiff amends his Complaint, the original Complaint would be superseded, meaning that if an amended Complaint omits claims raised in the original Complaint, the plaintiff has waived the omitted claims. Young v. City of Mt. Ranier, 238 F.3d 567 (4th Cir. 2001).

The Court, therefore, will deny Plaintiff's motion to amend his Complaint without prejudice to allow Plaintiff to properly move to amend his Complaint, if he so chooses.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion [Doc. 20] is **DENIED** without prejudice in accordance with the terms of this Order.

**IT IS SO ORDERED**.

Signed: November 18, 2021

Martin Reidinger
Chief United States District Judge

4

Case 3:21-cv-00469-MR   Document 21   Filed 11/18/21   Page 4 of 4