UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00469-MR

| BERNARD SCHULZ, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | ORDER |
|  | ) |  |
| JOHN DOES 1-3, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on Plaintiff's Motion to Compel. [Doc. 25].

Plaintiff filed a Complaint on September 7, 2021, under 42 U.S.C. § 1983, against an undetermined number of unidentified guards at the Mecklenburg County Jail (the "Jail"). [Doc. 1]. Plaintiff alleges that unidentified guards at the Jail failed to protect him from two assaults by other inmates and used excessive force in applying restraints to Plaintiff's wrists. [Id.]. Plaintiff's excessive force and failure to protect claims survived initial review. [Doc. 16]. Plaintiff has filed several improper motions and documents with the Court, some of which sought discovery from the Court. The Court advised Plaintiff to seek information identifying the Doe Defendants through subpoena pursuant to Rule 45 of the Federal Rules of

Civil Procedure. [Id. at 9]. To that end, the Clerk mailed a blank subpoena form to Plaintiff. [10/28/2021 Docket Entry; see Doc. 16 at 12].

Plaintiff now moves to compel "suppoenae [*sic*] order to be carried out by Mecklenburg County Jail, to furnish the evidence and defendants names by 12/12/2021." [Doc. 25]. Plaintiff argues that he "has made over a dozen calls to a Sean Perrin … said attorney of Mecklenburg County Jail … and … [the] paralegal of the Sherrifs [*sic*] Department." [Id.]. As far as the Court can tell, Plaintiff is asking the Court to compel the unnamed Defendants' putative attorney to respond to Plaintiff's phone calls and provide Plaintiff the information he wants. Plaintiff shows and alleges no proof of having issued a subpoena to the Jail to identify the Doe Defendants, despite the Court's express instruction to do so, or that the Jail failed to respond to such subpoena. A defense attorney is not required to provide the names of his clients to a plaintiff that wants to sue them. Plaintiff, here, must follow the proper legal and procedural steps to prosecuting this action, particularly where the Court has provided Plaintiff with express instructions and means to do so. The Court, therefore, will deny Plaintiff's motion to compel.

**If Plaintiff again ignores the Court's Order and instructions here and files any further improper motions to compel, they may be summarily dismissed and/or stricken from the record in this matter.**

## **ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Compel [Doc. 25] is **DENIED** in accordance with the terms of this Order.

The Clerk is respectfully instructed to mail Plaintiff another blank Subpoena to Produce Documents, Information, or Objects form.

**IT IS SO ORDERED**.

Signed: January 3, 2022

Martin Reidinger
Chief United States District Judge

3

Case 3:21-cv-00469-MR   Document 26   Filed 01/04/22   Page 3 of 3