UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00469-MR

| BERNARD SCHULZ, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | **ORDER** |
|  | ) |  |
| JOHN DOES 1-3, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on Plaintiff's Motion to Compel [Doc. 27] and a subsequently filed Exhibit thereto which includes the Subpoena Plaintiff seeks to enforce [Doc. 28].

Plaintiff filed a Complaint on September 7, 2021, under 42 U.S.C. § 1983, against an undetermined number of unidentified guards at the Mecklenburg County Jail (the "Jail"). [Doc. 1]. Plaintiff alleges that unidentified guards at the Jail failed to protect him from two assaults by other inmates and used excessive force in applying restraints to Plaintiff's wrists. [Id.]. On docketing Plaintiff's Complaint, the Clerk sent Plaintiff an Order of Instructions, which, among other things, admonished Plaintiff that it was his responsibility to familiarize himself with the applicable rules and procedures, including the Federal Rules of Civil Procedure. [Doc. 3 and ¶ 1]. Plaintiff's

excessive force and failure to protect claims survived initial review. [Doc. 16]. Plaintiff has filed several improper motions and documents with the Court, several of which have been stricken from the record in this matter. [See Docs. 14, 16-19].

Plaintiff now files a Motion to Compel compliance with a Subpoena it appears that he served on the Mecklenburg County Sheriff's Office. [Docs. 27, 28]. Plaintiff, however, failed to sign his Motion or Exhibit as required by Rule 11(a) of the Rules of Civil Procedure. [See id.]. Rule 11(a) requires that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented…. The Court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed. R. Civ. P. 11(a).

The Court, therefore, will deny the instant Motion to Compel without prejudice and require Plaintiff to submit a signed motion before ruling on the instant Motion to Compel. Plaintiff's signed motion should include the grounds for Plaintiff's motion, a copy of the Subpoena Plaintiff seeks to enforce, and should otherwise comply with Federal Rule of Civil Procedure 45 of the Federal Rule. The Subpoena should **NOT** be filed separately, days later, as it was here.

**The Court will summarily deny any motion to compel compliance with a subpoena filed by Plaintiff not in accordance with the Court's instructions herein.**

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Compel [Doc. 27] is **DENIED WITHOUT PREJUDICE** in accordance with the terms of this Order.

**IT IS SO ORDERED**.

Signed: January 20, 2022

Martin Reidinger
Chief United States District Judge