# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:21-cv-00469-MR

| | |
|---|---|
| BERNARD SCHULZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| JOHN DOES 1-3, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Plaintiff's Amended Complaint [Doc. 31] and Plaintiff's Motion to Compel [Doc. 30].

Plaintiff filed a Complaint on September 7, 2021, under 42 U.S.C. § 1983, against an undetermined number of unidentified guards at the Mecklenburg County Jail (the "Jail"). [Doc. 1]. Plaintiff alleged that unidentified guards at the Jail failed to protect him from two assaults by other inmates and used excessive force in applying restraints to Plaintiff's wrists. Plaintiff also alleged that unidentified guards were deliberately indifferent to Plaintiff's serious medical needs resulting from these assaults. [Id.]. Before the Court conducted its initial review of Plaintiff's Complaint, Plaintiff filed several documents, including a "motion to incorporate more defendants" and a "motion to add submission of material." [See Docs. 11, 12, 12-2]. In these

motions, Plaintiff sought to add several defendants and allege facts related to a separate incident allegedly occurring at Union County Jail. [Id.].

On initial review of Plaintiff's Complaint, Plaintiff's excessive force and failure to protect claims survived initial review and the Court dismissed Plaintiff's deliberate indifference claim because Plaintiff failed to state a claim for relief. [Doc. 16]. The Court denied Plaintiff's motions to add the Union County Jail defendants and the related claims and advised Plaintiff as follows:

> This motion appears to seek to add Defendants to the instant action who are wholly unrelated to the subject of the instant Complaint. The Court will deny this motion and admonishes Plaintiff that he may not sue multiple defendants in a single action where the claims against them are unrelated.

[Doc. 16 at 10].

Thereafter, Plaintiff filed a "Partial objection to memorandum and recommendation of dismissal of medical attention complaint" [Doc. 20], which the Court construed as a motion to amend Plaintiff's Complaint. Plaintiff stated that he "erred" in failing to present all the facts regarding the alleged delay of medical care in his Complaint and recounted additional factual details in support of his dismissed claim. [Id. at 1]. The Court denied Plaintiff's motion to amend without prejudice because Plaintiff failed to attach a proposed amended complaint to his motion. [Doc. 21]. The Court advised

2

Plaintiff as follows:

> To amend his Complaint, Plaintiff must make a motion and submit a proposed amended Complaint that contains all claims he intends to bring in this action against all Defendants he intends to sue and states all relief he is seeking. Furthermore, if Plaintiff amends his Complaint, the original Complaint would be superseded, meaning that if an amended Complaint omits claims raised in the original Complaint, the plaintiff has waived the omitted claims. Young v. City of Mt. Ranier, 238 F.3d 567 (4th Cir. 2001).

[Id. at 3].

Plaintiff then again moved to amend his Complaint. [Doc. 23]. With his motion, Plaintiff included a copy of his previously filed "Partial objection to memorandum and recommendation of dismissal of medical attention complaint" and an attachment he originally submitted with his § 1983 complaint form. [Doc. 23-1]. Plaintiff, however, did not submit a completed § 1983 complaint form (or any other equivalent) detailing the parties he intended to sue or the causes of action he intended to assert. [See Docs. 23, 23-1].

Because, as Plaintiff was admonished, an amended complaint supersedes an original complaint and because the Court cannot make up claims or Defendants for Plaintiff, the Court denied Plaintiff's motion to amend without prejudice. [Doc. 24]. The Court again advised Plaintiff that

he must properly move to amend his Complaint and include a proposed amended complaint containing all claims he intends to bring in this action against all Defendants he intends to sue and state all relief he is seeking. [Id. at 3]. The Court also expressly warned Plaintiff as follows:

> **Plaintiff is admonished that future failures to follow the Court's orders and instructions may result in dismissal of this action without prejudice and without further notice to Plaintiff.**[1]

[Id. (emphasis in original)].

Plaintiff now files an Amended Complaint, but, contrary to the Court's express instructions, he failed to file any motion to amend therewith. [See Doc. 31]. In his Amended Complaint, Plaintiff names Union County Jail and four unidentified John Does as Defendants in this matter. [Doc. 31 at 1-2]. In this purported Amended Complaint, Plaintiff again seeks to bring the Defendants and claims from the unrelated incident at Union County Jail into this action. Moreover, it does not appear that Plaintiff addresses – or seeks to maintain – the currently surviving claims from his original Complaint in this matter. [See id.].

Because Plaintiff has repeatedly and consistently failed to follow the Court's express instructions and admonitions in this matter, despite being

---

[1] Plaintiff has a history in this case of failing to follow other Orders of the Court, including Orders regarding the proper conduct of discovery. [See Docs. 16, 19, 26, 29].

4

warned that his failure to do so may result in dismissal of this action without prejudice, the Court will exercise its inherent authority and dismiss this action. See generally Dietz v. Bouldin, 136 S.Ct. 1885, 1892 (2016) ("[D]istrict Courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases."). Plaintiff has demonstrated time and time again, despite all efforts made by the Court, that he will not follow the Court's Orders, the Clerk's Order of Instructions, or the Federal Rules of Civil Procedure in prosecuting this action. The Court cannot continue indefinitely in this manner. The Court will deny Plaintiff's pending motion to compel [Doc. 30] as moot.

## ORDER

**IT IS, THEREFORE, ORDERED** that this action is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel [Doc. 30] is **DENIED** as moot.

The Clerk is respectfully instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: March 22, 2022

Martin Reidinger
Chief United States District Judge